E. MARTIN ESTRADA
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEFF MITCHELL (Cal. Bar No. 236225)
Assistant United States Attorney
Major Frauds Section
DAN G. BOYLE (Cal. Bar No. 332518)
Assistant United States Attorney
Asset Forfeiture & Recovery Section
      1100 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-0698/2426
      Facsimile: (213) 894-6269/0141
      E-mail:    jeff.mitchell@usdoj.gov
      E-mail:    daniel.boyle2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

11/14/2022

CENTRAL DISTRICT OF CALIFORNIA
BY:      JB      DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR   2:22-cr-00532 -FWS |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ERIK KRISTIAN HILJUS |
| v. | |
| ERIK KRISTIAN HILJUS, | |
| Defendant. | |

    1.   Subject to the approval of the Department of Justice, Tax Division, this constitutes the plea agreement between ERIK KRISTIAN HILJUS ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

//

1

DEFENDANT'S OBLIGATIONS

2    2.   Defendant agrees to:

3        a.   Give up the right to indictment by a grand jury and,
4   at the earliest opportunity requested by the USAO and provided by the
5   Court, appear and plead guilty to counts one and two of a two-count
6   information in the form attached to this agreement as Exhibit A or a
7   substantially similar form, which charge defendant with Subscribing
8   to a False Tax Return, in violation of 26 U.S.C. § 7206(1).

9        b.   Not contest facts agreed to in this agreement.

10       c.   Abide by all agreements regarding sentencing contained
11  in this agreement.

12       d.   Appear for all court appearances, surrender as ordered
13  for service of sentence, obey all conditions of any bond, and obey
14  any other ongoing court order in this matter.

15       e.   Not commit any crime; however, offenses that would be
16  excluded for sentencing purposes under United States Sentencing
17  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
18  within the scope of this agreement.

19       f.   Be truthful at all times with the United States
20  Probation and Pretrial Services Office and the Court.

21       g.   Pay the applicable special assessments at or before
22  the time of sentencing unless defendant has demonstrated a lack of
23  ability to pay such assessments.

24       h.   Defendant agrees that any and all criminal debt
25  ordered by the Court will be due in full and immediately.  The
26  government is not precluded from pursuing, in excess of any payment
27  schedule set by the Court, any and all available remedies by which to

28

2

1  satisfy defendant's payment of the full financial obligation,

2  including referral to the Treasury Offset Program.

3        i.   Complete the Financial Disclosure Statement on a form

4  provided by the USAO and, within 30 days of defendant's entry of a

5  guilty plea, deliver the signed and dated statement, along with all

6  of the documents requested therein, to the USAO by either email at

7  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

8  Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

9  Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

10  criminal debt shall be assessed based on the completed Financial

11  Disclosure Statement and all required supporting documents, as well

12  as other relevant information relating to ability to pay.

13        j.   Authorize the USAO to obtain a credit report upon

14  returning a signed copy of this plea agreement.

15        k.   Consent to the USAO inspecting and copying all of

16  defendant's financial documents and financial information held by the

17  United States Probation and Pretrial Services Office.

18     3.   Defendant admits that defendant received $648,139 of

19  unreported income for calendar years 2017, 2018, and 2019.  Defendant

20  agrees that:

21        a.   Defendant will file, prior to the time of sentencing,

22  amended returns for the years subject to the above admissions,

23  correctly reporting unreported income; will, if requested to do so by

24  the Internal Revenue Service, provide the Internal Revenue Service

25  with information regarding the years covered by the returns; will pay

26  to the Fiscal Clerk of the Court at or before sentencing all

27  additional taxes and all penalties and interest assessed by the

28  Internal Revenue Service on the basis of the returns; and will

1  promptly pay to the Fiscal Clerk of the Court all additional taxes

2  and all penalties and interest thereafter determined by the Internal

3  Revenue Service to be owing as a result of any computational

4  error(s).  Payments may be made to the Clerk, United States District

5  Court, Fiscal Department, 255 East Temple Street, Room 1178, Los

6  Angeles, California 90012.

7          b.    Nothing in this agreement forecloses or limits the

8  ability of the Internal Revenue Service to examine and make

9  adjustments to defendant's returns after they are filed.

10          c.    Defendant will not, after filing the returns, file any

11  claim for refund of taxes, penalties, or interest for amounts

12  attributable to the returns filed in connection with this plea

13  agreement.

14          d.    Defendant is liable for the fraud penalty imposed by

15  the Internal Revenue Code, 26 U.S.C. § 6663, on the understatements

16  of tax liability for 2017, 2018, and 2019.

17          e.    Defendant gives up any and all objections that could

18  be asserted to the Examination Division of the Internal Revenue

19  Service receiving materials or information obtained during the

20  criminal investigation of this matter, including materials and

21  information obtained through grand jury subpoenas.

22          f.    Defendant will sign closing agreements with the

23  Internal Revenue Service contemporaneously with the signing of this

24  plea agreement, permitting the Internal Revenue Service to assess and

25  collect the total sum of $244,560.00 ($94,410.00, $77,885.00, and

26  $72,265.00 for calendar years 2017, 2018, and 2019, respectively),

27  which comprises the tax liabilities, as well as assess and collect

28

the civil fraud penalty for each year and statutory interest, on the tax liabilities, as provided by law.

THE USAO'S OBLIGATIONS

4.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSES

5.   Defendant understands that for defendant to be guilty of the crime charged in counts one through two, that is, Subscribing to False Tax Returns, in violation of 26 U.S.C. § 7206(1), the following must be true: (1) defendant signed and filed a tax return for a year that he knew contained false information as to a material matter; (2) the return contained a written declaration that it was being signed subject to the penalties of perjury; and (3) in filing the false tax return, defendant acted willfully.  In order to prove defendant acted "willfully," the government must prove beyond a reasonable doubt that the defendant knew federal tax law imposed a duty on him and the defendant intentionally and voluntarily violated that duty.  A matter is "material" if it has a natural tendency to influence, or is capable of influencing, the decisions or activities of the Internal Revenue Service.

1

PENALTIES AND RESTITUTION

2      6.   Defendant understands that the statutory maximum sentence

3  that the Court can impose for a violation of 26 U.S.C. § 7206(1), is:

4  three years' imprisonment; a one-year period of supervised release; a

5  fine of $250,000 or twice the gross gain or gross loss resulting from

6  the offense, whichever is greatest; and a mandatory special

7  assessment of $100.

8      7.   Defendant understands, therefore, that the total maximum

9  sentence for all offenses to which defendant is pleading guilty is:

10 six years' imprisonment; a one-year period of supervised release; a

11 fine of $500,000 or twice the gross gain or gross loss resulting from

12 the offenses, whichever is greatest; and a mandatory special

13 assessment of $200.

14     8.   Defendant agrees to make full restitution to the victim(s)

15 of the offenses to which defendant is pleading guilty.  Defendant

16 agrees that, in return for the USAO's compliance with its obligations

17 under this agreement, the Court may order restitution to persons

18 other than the victim(s) of the offenses to which defendant is

19 pleading guilty and in amounts greater than those alleged in the

20 counts to which defendant is pleading guilty.  In particular,

21 defendant agrees that the Court may order restitution to any victim

22 of any of the following for any losses suffered by that victim as a

23 result: any relevant conduct, as defined in U.S.S.G. § 1B1.3, in

24 connection with the offenses to which defendant is pleading guilty.

25 The parties currently believe that the applicable amount of

26 restitution is approximately $244,560.00, before interest and

27 penalties, but recognize and agree that this amount could change

28

6

based on facts that come to the attention of the parties prior to sentencing.

9.   Defendant understands and agrees that the Court: (a) may order defendant to pay restitution in the form of any additional taxes, interest, and penalties that defendant owes to the United States based upon the count of conviction and any relevant conduct; and (b) must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.

10.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

1  collateral consequences will not serve as grounds to withdraw

2  defendant's guilty pleas.

3      12.  Defendant understands that, if defendant is not a United

4  States citizen, the felony convictions in this case may subject

5  defendant to: removal, also known as deportation, which may, under

6  some circumstances, be mandatory; denial of citizenship; and denial

7  of admission to the United States in the future.  The Court cannot,

8  and defendant's attorney also may not be able to, advise defendant

9  fully regarding the immigration consequences of the felony

10 convictions in this case.  Defendant understands that unexpected

11 immigration consequences will not serve as grounds to withdraw

12 defendant's guilty pleas.

13                        FACTUAL BASIS

14     13.  Defendant admits that defendant is, in fact, guilty of the

15 offenses to which defendant is agreeing to plead guilty.  Defendant

16 and the USAO agree to the statement of facts provided below and agree

17 that this statement of facts is sufficient to support pleas of guilty

18 to the charges described in this agreement and to establish the

19 Sentencing Guidelines factors set forth in paragraph 15 below but is

20 not meant to be a complete recitation of all facts relevant to the

21 underlying criminal conduct or all facts known to either party that

22 relate to that conduct.

23     Defendant is a former professional baseball player and current

24 owner of Baseball Knowledge, Inc.  Baseball Knowledge is a California

25 corporation which provides private baseball instruction to youth in

26 the Central District of California.  In addition to private baseball

27 instruction, defendant was an agent of the Wayne Nix Gambling

28 Business.  In that role, defendant recruited clients to place wagers

on sporting events that were maintained by the Nix Gambling Business and Sand Island Sports.  Defendant was paid in cash for both businesses.

Between at least 2017 and 2019, defendant concealed his income from the Internal Revenue Service ("IRS") by instructing his Baseball Knowledge and gambling clients to pay him in cash.  After receiving cash from his clients, defendant purchased cashiers' checks and money orders to pay his personal expenses, such as his home mortgage, vehicle loans, credit cards, and utilities.  Between 2017 and 2019, defendant purchased 760 cashiers' checks and money orders for a total of $648,139.

Defendant concealed income he received in calendar years 2017 through 2019, inclusive, totaling approximately $648,139.  The aggregate tax loss (which does not include interest or any applicable civil penalties) to the United States for calendar years 2017 through 2019, inclusive, due to defendant's concealment was approximately $244,560.00.

Defendant knowingly and willfully falsely reported his total taxable income to the IRS on his tax returns for each of calendar years 2017 through 2019 and knew that he underreported his business revenues each calendar year.  In reality, defendant had additional income in the following amounts that defendant knowingly and willfully failed to report on his tax returns:

| Calendar Year | Reported Income | Unreported Income |
|---------------|-----------------|-------------------|
| 2017 | $177,700 | $245,909 |
| 2018 | $192,249 | $221,042 |
| 2019 | $165,895 | $181,188 |

1    For example, on or about April 15, 2019, defendant willfully
2    made and subscribed to a materially false United States Individual
3    Income Tax Return, Form 1040, for calendar year 2018, which was
4    verified by a written declaration that it was made under the
5    penalties of perjury, which return defendant did not believe to be
6    true and correct as to every material matter, in that defendant
7    reported on line 6 that his total taxable income for calendar year
8    2018 was $192,249, when, in truth and in fact, as defendant then
9    knew, his total taxable income for the year 2018 was $413,291.

10    In addition, on or about May 11, 2020, defendant willfully made
11    and subscribed to a materially false United States Individual Income
12    Tax Return, Form 1040, for calendar year 2019, which was verified by
13    a written declaration that it was made under the penalties of
14    perjury, which return defendant did not believe to be true and
15    correct as to every material matter, in that defendant reported on
16    line 11b that his total taxable income for calendar year 2019 was
17    $165,895, when, in truth and in fact, as defendant then knew, his
18    total taxable income for the year 2019 was $347,083.

19    The false information provided by defendant was material in that
20    it affected the IRS's calculation of the amount of income that
21    defendant had received in 2018 and 2019 and prevented the IRS from
22    verifying the accuracy of the amount of tax claimed to be owed on the
23    return and determining whether additional income tax was owed.
24    Defendant acted willfully, knowing that the law required him to
25    report all income accurately and to pay all income tax that was due
26    and owing.  Defendant voluntarily and intentionally violated those
27    duties.

28

1

<u>SENTENCING FACTORS</u>

2       14.  Defendant understands that in determining defendant's

3   sentence the Court is required to calculate the applicable Sentencing

4   Guidelines range and to consider that range, possible departures

5   under the Sentencing Guidelines, and the other sentencing factors set

6   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

7   Sentencing Guidelines are advisory only, that defendant cannot have

8   any expectation of receiving a sentence within the calculated

9   Sentencing Guidelines range, and that after considering the

10  Sentencing Guidelines and the other § 3553(a) factors, the Court will

11  be free to exercise its discretion to impose any sentence it finds

12  appropriate up to the maximum set by statute for the crimes of

13  conviction.

14      15.  Defendant and the USAO agree to the following applicable

15  Sentencing Guidelines factors:

16    Base Offense Level:          16   [USSG §§ 2T1.1, 2T4.1(F)]

17  Defendant and the USAO reserve the right to argue that additional

18  specific offense characteristics, adjustments, and departures under

19  the Sentencing Guidelines are appropriate.

20      16.  Defendant understands that there is no agreement as to

21  defendant's criminal history or criminal history category.

22      17.  Defendant and the USAO reserve the right to argue for a

23  sentence outside the sentencing range established by the Sentencing

24  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

25  (a)(2), (a)(3), (a)(6), and (a)(7).

26

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

27      18.  Defendant understands that by pleading guilty, defendant

28  gives up the following rights:

11

1        a.    The right to persist in a plea of not guilty.

2        b.    The right to a speedy and public trial by jury.

3        c.    The right to be represented by counsel -- and if

4    necessary have the Court appoint counsel -- at trial.  Defendant

5    understands, however, that, defendant retains the right to be

6    represented by counsel -- and if necessary have the Court appoint

7    counsel -- at every other stage of the proceeding.

8        d.    The right to be presumed innocent and to have the

9    burden of proof placed on the government to prove defendant guilty

10   beyond a reasonable doubt.

11       e.    The right to confront and cross-examine witnesses

12   against defendant.

13       f.    The right to testify and to present evidence in

14   opposition to the charges, including the right to compel the

15   attendance of witnesses to testify.

16       g.    The right not to be compelled to testify, and, if

17   defendant chose not to testify or present evidence, to have that

18   choice not be used against defendant.

19       h.    Any and all rights to pursue any affirmative defenses,

20   Fourth Amendment or Fifth Amendment claims, and other pretrial

21   motions that have been filed or could be filed.

22                      <u>WAIVER OF APPEAL OF CONVICTION</u>

23       19.  Defendant understands that, with the exception of an appeal

24   based on a claim that defendant's guilty pleas were involuntary, by

25   pleading guilty defendant is waiving and giving up any right to

26   appeal defendant's convictions on the offenses to which defendant is

27   pleading guilty.  Defendant understands that this waiver includes,

28   but is not limited to, arguments that the statutes to which defendant

is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20. Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense level of 13 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence, with the exception of the Court's calculation of defendant's criminal history category; (b) the term of imprisonment imposed by the Court, except to the extent it depends on the Court's calculation of defendant's criminal history category; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $244,560.00; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

21. Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction

collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

22. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 13 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $244,560.00.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

23. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

### RESULT OF VACATUR, REVERSAL, OR SET-ASIDE

24. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, or enhancement imposed by the Court to which the parties stipulated in this agreement is vacated or set

14

aside, the USAO may: (a) ask the Court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining convictions, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

### EFFECTIVE DATE OF AGREEMENT

25. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

26. Defendant agrees that if defendant, at any time after the effective date of this agreement, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES

27. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

28. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph15 15 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

29. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts, or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to

1  fulfill all defendant's obligations under this agreement.  Defendant

2  understands that no one -- not the prosecutor, defendant's attorney,

3  or the Court -- can make a binding prediction or promise regarding

4  the sentence defendant will receive, except that it will be within

5  the statutory maximum.

6  <u>NO ADDITIONAL AGREEMENTS</u>

7      30.  Defendant understands that, except as set forth herein,

8  there are no promises, understandings, or agreements between the USAO

9  and defendant or defendant's attorney, and that no additional

10  promise, understanding, or agreement may be entered into unless in a

11  writing signed by all parties or on the record in court.

12  <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

13      31.  The parties agree that this agreement will be considered

14  part of the record of defendant's guilty plea hearing as if the

15  entire agreement had been read into the record of the proceeding.

16  AGREED AND ACCEPTED

17  UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
18  CALIFORNIA

19  E. MARTIN ESTRADA
United States Attorney

20

21  _____        11/9/2022

22  JEFF MITCHELL                           Date
Assistant United States Attorney

23  _____        _____

24  ERIK KRISTIAN HILJUS                    Date
Defendant

25  _____        _____

26  KATE CORRIGAN                           Date
Attorney for Defendant
Erik Kristian Hiljus

27

28

fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

30. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

31. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney


JEFF MITCHELL                              Date
Assistant United States Attorney

ERIK KRISTIAN HILJUS                       Date    10/20/2022
Defendant

                                           Date    10/20/22
KATE CORRIGAN
Attorney for Defendant
Erik Kristian Hiljus

17

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____        10/20/2022
ERIK Kristian HILJUS                    Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Erik Kristian Hiljus' attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

18

provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____                    10/20/22
KATE CORRIGAN                                      _____
Attorney for Defendant                             Date
Erik Kristian Hiljus

19

EXHIBIT

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          CR No.

11            Plaintiff,                I N F O R M A T I O N

12            v.                        [26 U.S.C. § 7206(1): Subscribing
                                        to a False Tax Return]
13   ERIK KRISTIAN HILJUS,

14            Defendant.

15

16        The Acting United States Attorney charges:

17                            COUNT ONE

18                       [26 U.S.C. § 7206(1)]

19        On or about April 15, 2019, in Los Angeles County, within the

20   Central District of California, and elsewhere, defendant ERIK

21   KRISTIAN HILJUS, willfully made and subscribed to a materially false

22   United States Individual Income Tax Return, Form 1040, for calendar

23   year 2018, which was filed with the Internal Revenue Service and

24   verified by a written declaration that it was made under the

25   penalties of perjury, and which income tax return defendant HILJUS

26   did not believe to be true as to every material matter, in that, on

27   such Form 1040, defendant HILJUS reported on line 6 that his taxable

28   income for calendar year 2018 was $192,249, when, as defendant HILJUS

then knew, his taxable income for that year was substantially higher
than he reported.

1                              COUNT TWO

2                        [26 U.S.C. § 7206(1)]

3        On or about May 11, 2020, in Los Angeles County, within the

4   Central District of California, and elsewhere, defendant ERIK

5   KRISTIAN HILJUS, willfully made and subscribed to a materially false

6   United States Individual Income Tax Return, Form 1040, for calendar

7   year 2019, which was filed with the Internal Revenue Service and

8   verified by a written declaration that it was made under the

9   penalties of perjury, and which income tax return defendant HILJUS

10  did not believe to be true as to every material matter, in that, on

11  such Form 1040, defendant HILJUS reported on line 11b that his

12  taxable income for calendar year 2019 was $165,895, when, as

13  defendant HILJUS then knew, his taxable income for that year was

14  substantially higher than he reported.

15

16                              STEPHANIE S. CHRISTENSEN
                                Acting United States Attorney
17

18

19                              SCOTT M. GARRINGER
                                Assistant United States Attorney
20                              Chief, Criminal Division

21                              RANEE A. KATZENSTEIN
                                Assistant United States Attorney
22                              Chief, Major Frauds Section

23                              ALEXANDER B. SCHWAB
                                Assistant United States Attorney
24                              Deputy Chief, Major Frauds Section

25                              JEFF MITCHELL
                                Assistant United States Attorney
26                              Major Frauds Section

27

28

                                   3